I «SULLIVAN, Judge.
Weingarten Realty Investors Corporation and The Weingarten Realty Management Company (collectively hereinafter referred to as “Weingarten”) appeal the denial of their exception of prescription. For the following reasons, we reverse.

Facts

On August 3, 1997, Winifred Welch fell in the parking lot of a Market Basket grocery store located on Ryan Street, Lake Charles, Louisiana. The building and parking lot used by Market Basket for this grocery store is owned by Weingarten. On August 14, 1987, Crawford and Company notified Ms. Welch that it was handling her claim and asked her to contact its adjuster. On September 26, 1997, Crawford’s adjuster, Tara Clausen, forwarded a medical authorization to Ms. Welch for her signature. The form indicated that the authorization granted therein expired on August 3,1999.
On August 20, 1998, Richard Hoke, another adjuster with Crawford, wrote to Ms. Welch regarding a conversation with her on August 17, 1998. In his letter, Mr. Hoke advised that its investigation revealed no negligence on the part of Wein-garten. Additionally, he offered, in exchange for a release, $3,101.12 to Ms. Welch as “a conciliatory gesture, of goodwill.” Ms. Welch filed suit against Wein-garten on August 3, 1999. By letter dated August 13, 1999, Ms. Clausen acknowledged receipt of medical records from Ms. Welch and informed her that the previous offer of August 17, 1998 remained open. Ms. Clausen also informed Ms. Welch that the statute of limitations for her claim had expired August 3, 1998 and that no additional offers would be made.
After a hearing, the trial court denied Weingarten’s exception of prescription. Weingarten filed a writ application with this court which was denied. See Welch v. *420 Weingarten Realty Investors Co., et al., an unpublished writ bearing docket number W01-321 (La.App. 3 Cir. 5/15/01). The supreme court granted Weingarten’s application for supervisory and/or remedial writs and remanded the matter to this court for briefing, argument, and opinion. See Welch v. Weingarten Realty Investors, Co., et al, an unpublished writ bearing docket number 01-1687.

Discussion

The trial court held that Crawford’s actions in continuing negotiations with Ms. Welch after her claim prescribed amounted to a tacit renunciation of prescription. Ms. Welch argues on appeal that Crawford’s actions “lulled” her into believing that she had two years to file her claim. On the face of her petition, Ms, Welch’s claim against Weingarten had prescribed. Therefore, she had the burden of proof to establish that her claim had not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992).
“Prescription may be renounced only after it has accrued.” La.Civ.Code art. 3449. “Renunciation may be express or tacit. Tacit renunciation results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned.” La.Civ.Code art. 3450.
In Lima, 595 So.2d 624, the supreme court performed a thorough review of interruption of prescription by acknowledgment and renunciation of prescription. The court’s discussion of renunciation included the following:
Our courts have consistently held that renunciation must be “clear, direct, and absolute and manifested by words or actions of the party in whose favor prescription has run.” According to civil tradition, renunciation is a unilateral act requiring neither acceptance by the other party, nor requiring any formality. According to the Louisiana jurisprudence, renunciation requires a new promise to pay the debt, as “[a] new obligation binding on the debtor is created when a promise to pay is made after prescription has accrued.” By “promise” here is meant 14a “ ‘pledge to another to do or not to do something specified; narrowly, a declaration which gives to the person to whom it is made the right to expect or to claim the performance or forbearance of a specified act.’ ”
Id. at 631-32 (citations omitted).
After outlining the history and development of the doctrine of acknowledgment, the court found the following generalizations to be pertinent:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment.
Id. at 634 (footnotes omitted.)
Renunciation is subject to more stringent requirements than acknowledgment. *421 Lima, 595 So.2d 624. Weingarten’s offers of August 20, 1998 and August 13, 1999 were settlement offers. They were not unconditional promises. Such offers are not acknowledgments under Lima; therefore, they cannot be renunciations. While it was unusual that both offers were made after Ms. Welch’s claims prescribed, neither was a pledge to pay money. The offers did not give Ms. Welch the right to expect that she would be paid anything more than the $3,101.12 offered and, then, only if she signed the release and returned it to Crawford. The trial court’s conclusion that the offers of August 20, 1998 and August 13, 1999 renounced the prescription which accrued on August 3, 1997 was error.
|sMs. Welch argues she was lulled into believing that she had two years to file her suit. Even though a debtor does not formally acknowledge a debt, if he “has by his conduct or acts led the creditor to believe that he did not intend to contest it, it is possible to conclude that he committed a wrong for which he is liable in damages, and which prevents him from invoking his prescription.” Id. at 634. Ms. Welch testified that no one told her that she had two years to file her claim. Rather, she testified that a letter from Ms. Clausen informed her that she had two years to file her claim. However, the only document that she produced and introduced into evidence pertinent to this issue was the medical authorization form that Ms. Clausen had forwarded to her in September 1997. Apparently, Ms. Welch mistakenly interpreted the expiration date on the medical authorization form to mean that she had two years to file suit. Ignorance of the law does not prevent the running of prescription. Davis v. Willis-Knighton Med. Ctr., 32, 193 (La.App. 2 Cir. 8/18/99); 738 So.2d 1191, writ denied, 99-2712 (La.12/10/99); 751 So.2d 254.
Ms. Welch also testified that Ms. Clau-sen and Mr. Hokes instructed her to send her medical information to them before and after her claim prescribed. She did not testify that either told her liability would not be contested. Additionally, she was informed by Mr. Hokes in a telephone conversation and by correspondence that Crawford’s investigation of her accident indicated that Weingarten was not negligent.
We conclude Ms. Clausen’s and Mr. Hokes’ actions were not sufficient to lull Ms. Welch into believing that she had until August 3, 1999 to file her suit. Her decision to file suit on August 3, 1999 was based on her belief that the medical authorization form’s expiration date was the deadline to file her claim not on the actions of Ms. Clausen and Mr. Hokes.
|fiMs. Welch’s claims against Weingarten Realty Investors Corporation and The Weingarten Realty Management were prescribed when she filed suit on August 3, 1999. The judgment of the trial court is reversed, and Ms. Welch’s claims are dismissed with prejudice. All costs are assessed to Ms. Welch.
REVERSED; DISMISSED WITH PREJUDICE.
THIBODEAUX, J.., dissents and assigns written reasons.